# United States District Court, Northern District of Illinois

*MHN*

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1672 | **DATE** | 11/10/2009 |
| **CASE TITLE** | TIMOTHY FULLER v. CITY OF CHICAGO & OFFICER RICHARD FIORITO | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant City of Chicago's motion for a protective order [37]. However, the Court orders the redaction of personal information in all of the Complaint Registers at issue. Plaintiff's motion for leave to cite additional authority [59] is therefore moot.

■[For further details see text below.]   *Wm. J. Hibbler*   Docketing to mail notice.

## STATEMENT

Defendant City of Chicago moves the Court to enter a protective order requiring Plaintiff to keep disciplinary records and Complaint Registers concerning Officer Fiorito confidential. In support of its motion, the City cites to a number of state statutes, including the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq.*, and some case law.

However, Fuller points out that in *Gekas v. Williamson*, 393 Ill. App. 3d 573, 912 N.E.2d 347, 361 (Ill. App. Ct. 2009), an Illinois state appellate court found that similar internal-affairs files concerning a deputy sheriff were not exempt from the Illinois FOIA and ordered the sheriff's office to disclose them pursuant to a FOIA request. Contrary to the City's contentions regarding the records in the instant case, the *Gekas* court found that these documents did not fall within the personnel file FOIA exemption. *Id.* at 356-57; *see also* 5 ILCS 140/7(1)(b)(ii). The City maintains that the amendments to the Illinois FOIA that will take effect on January 1, 2010 are also supportive of their position. However, in reality, those amendments do not materially change the provision regarding disciplinary proceedings that was in effect at the time of the *Gekas* ruling. *Compare* 5 ILCS 140/7(1)(u) *with* Public Act 96-542 at 140/7(1)(n). If anything, the amendments undermine the City's position as the amended statute will no longer have an express exemption for personnel files.

*Gekas* is not binding on the Court. However, the case provides guidance as to whether the documents at issue are publicly available outside of this litigation. Given that the documents appear to be subject to FOIA requests, the Court will not designate them confidential in the instant case. However, the Court notes that the documents may contain personal identifiers, medical records, and other personal information. Fuller has consented to redaction of this information. Thus, the Court orders that the documents be redacted accordingly.